UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SEGUNDO MANUEL YAURI YAURI,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, et al.,<br><br>Respondents. | * * * * * * * * * * * * * | Civil Action No. 1:26-cv-14216-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On September 14, 2026, Petitioner filed the instant petition for writ of habeas corpus, [ECF No. 1], stating that pursuant to the recent First Circuit ruling in Guerrero Orellana v. Moniz, his detention should be governed by 8 U.S.C. § 1226(a), [id. ¶ 8], that no "NTA has been lodged," and that he "faces risk of being removed to another jurisdiction, outside of the First Circuit," [id. ¶ 10]. Petitioner alleges his detention is in violation of his Fifth Amendment Right to Due Process. [Id. ¶¶ 36–42]. He primarily argues that transfer outside of the First Circuit would constitute a due process violation, given the less favorable standards for bond applicable in some other circuits, [id. ¶¶ 11–25], but also asks the Court to "order[] Respondents to afford Petitioner with a custody hearing," [id., Prayer for Relief ¶ 6].

In response, Respondents argue that the petition should be dismissed because "Petitioner does not challenge the legality of his custody, but rather, that a transfer out of District would offend his due process rights." [ECF No. 7 at 1]. Respondents state that Petitioner was served a Notice to Appear ("NTA") [ECF No. 7-1], and that he is mistaken in asserting that "such a

document has not been filed with the Chelmsford Immigration Court," [id. at 2]. Respondents argue that "if Petitioner's only claim is that he fears transfer out of the District because his NTA has not been filed with the Chelmsford Immigration Court, such a claim must fail as it falls outside the scope of habeas relief." [Id. at 3]. Further, Respondents aver that "Petitioner likewise has not pled sufficient factual allegations as to how his current detention violates the statute or the Constitution." [Id.].

Here, the Court finds that the Petitioner has pled sufficient factual allegations challenging his current detention. Petitioner asserts he is entitled to a bond hearing pursuant to the recent First Circuit decision in Guerrero Orellana and seeks such relief. [ECF No. 1 ¶¶ 6–8, 11, 24, 38–40, Prayer for Relief ¶ 6]. Respondents do not acknowledge or respond to Petitioner's request for this form of relief. On the facts before it, the Court follows, as it must, controlling circuit precedent recently established by Guerrero Orellana v. Moniz, 188 F.4th 1 (1st Cir. 2026). Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, is entitled to a bond hearing. See id. at 7–8. Based on the information provided to the Court, it does not appear that he has received such a hearing, so his detention is unlawful.

The Court will not, however, grant Petitioner relief with respect to his location of confinement, beyond the notice requirements already applicable under the Court's September 14, 2026, order. [ECF No. 3]. The relief available in a habeas proceeding generally does not extend to location-of-confinement challenges. See González-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010). Moreover, on the merits, the Court cannot conclude that transfer would violate Petitioner's due process rights. Geographically variable legal standards are part of the structure of our federal court system, and it would undermine that structure for this Court to find that Petitioner would suffer a due process violation simply by being transferred to a district with a

different applicable legal standard. That said, because Petitioner has properly invoked this Court's habeas jurisdiction, the Court will continue to exercise jurisdiction over his Petition even if he is transferred, and he may seek further relief here if he receives a bond hearing that does not comport with this Court's applicable due process standards. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction . . . .").

Accordingly, Petitioner's petition, [ECF No. 1], is **GRANTED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of this order, if he has not had one already. Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 10 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

November 3, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE